UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | | |
|---|---|---|
| LAMARR FLETCHER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:11-CV-141-KKC |
| | ) | |
| V. | ) | |
| | ) | |
| JEAN MYERS, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

Plaintiff Lamarr Fletcher is an inmate confined at the Federal Medical Center in Lexington, Kentucky.  Fletcher, proceeding without an attorney, filed a civil rights complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging that the named defendants, Federal Bureau of Prisons employees, Jean Myers, Ms. Kindricks, and Warden Stephen DeWalt, have denied him access to the courts in violation of First Amendment to the U.S. Constitution.  Fletcher seeks compensatory damages of $30,000.00 and punitive damages of $20,000.00.

**I**

Because Fletcher has been granted *pauper* status and is asserting claims against government officials, the Court now screens his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Both of these sections require a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief.  *Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).  For the reasons set forth below, Fletcher's constitutional claims against the defendants will be dismissed.

**II**

On June 23, 2006, Fletcher was convicted in the Middle District of Tennessee of possession with intent to distribute narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was subsequently sentenced to serve 168 months in prison.  *United States v. Lamarr Fletcher*, No. 3:03-00190-02 (M.D.

Tenn. 2003).  The Sixth Circuit affirmed the conviction on direct appeal, but in 2009 remanded for

resentencing.  Fletcher was incarcerated at FMC-Lexington at the time, but in order to effect the Sixth

Circuit's remand for resentencing, he was temporarily transferred to Tennessee pursuant to a writ for

a period of about nine months.

In his complaint, Fletcher complains that when he was being prepared for transfer to Tennessee,

the defendants limited the amount of legal materials he could take with him for use in his criminal and

civil cases in Tennessee.  Specifically, defendant Jean Meyers advised Fletcher that while out of the

prison on a writ, he could take only "essential legal material that will fit in a 10X12X15 box.  Program

Statement 5800.12, Chapter 3, Page 4, #310." *See* Exhibit B to Complaint [R. 2-3].  Thus, Fletcher was

permitted to take some legal material, just not all that he states he needed to take.  Fletcher alleges that

while in Tennessee, a civil action he had initiated in a state court in Tennessee seeking the return of

property previously forfeited by the state was dismissed for lack his lack of prosecution because of the

limitations imposed by the defendants, which he contends violated his First Amendment right of access

to the courts.

The Prison Litigation Reform Act, ("PLRA"), codified at Title 42 U.S.C. § 1997e(a),  requires

state and federal prisoners to exhaust all available administrative remedies before filing suit challenging

any aspect of their prison conditions.  The four-tiered administrative remedy scheme available to Bureau

of Prisons ("BOP") inmates is set out in the BOP's Administrative Remedy Program, 28 C.F.R. §§

542.10-542.19.

Before filing his complaint, Fletcher made no attempt to pursue and exhaust the administrative

remedies available to him.  Fletcher candidly acknowledges this fact in his complaint, stating that he did

not file a grievance concerning this matter because "[t]he prison has no remedy for the damages I have

incurred from defendants' denial of my Constitutional right of access to court."  [R. 2 at 3]  Contrary to

Fletcher's statement, the BOP has an Administrative Remedy Program, and the PLRA mandates that prisoners comply with it prior to filing any complaint in federal court. Fletcher, by his own admission, simply elected not to pursue and exhaust his administrative remedies.

While failure to exhaust administrative remedies is an affirmative defense which ordinarily must be raised by the defendants, *Jones v. Bock*, 549 U.S. 199, 211 (2007), a court may dismiss a claim on its own motion for failure to exhaust administrative remedies where that failure is evident from the face of the complaint and supporting materials. *Frost v. Stalnaker*, 2009 WL 3873666, at *2-3 (S.D. Ohio Nov. 18, 2009) (collecting cases); *Ghosh v. McClure*, 2007 WL 400648, at *6 n.3 (S.D. Tex. Jan.31, 2007) ("Nothing in the Supreme Court's decision in *Jones* precludes a reviewing court from raising the issue of exhaustion *sua sponte* or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit"). In the present action, the pleadings and the record confirm that Fletcher failed to comply with the PLRA by not exhausting his administrative remedies prior to filing suit.

Additionally, Fletcher's *Bivens* claims are time-barred under the applicable statute of limitations. To determine the statute of limitations in *Bivens* civil rights cases, courts apply the most analogous statute of limitations from the State where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). As detailed above, the events about which Fletcher complains occurred on or about April 16, 2009, when he was transferred on a writ to Tennessee. Because the alleged events at issue occurred in Kentucky, its one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. Ann. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Fletcher's *Bivens* claim accrued on April 16, 2009, the date Fletcher was transferred to Tennessee. The one-year limitations period began running on April 16, 2009, and expired on April 16,

2010.  Fletcher's complaint was filed on April 18, 2011, more than one year after April 16, 2010, the date the one-year statute of limitations expired.  It is clear from the face of Fletcher's Complaint that his *Bivens* claims against the Defendants are time-barred.  Claims barred by the statute of limitations are frivolous.  *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).  A district court may dismiss a complaint, *sua sponte*, as time-barred where it is obvious from the face of the complaint that the statute of limitations has run.

Accordingly, **IT IS HEREBY ORDERED** that:

(1)     The *Bivens* claims asserted by plaintiff Lamarr Fletcher against the defendants,  Jean Meyers, Ms. Kindricks, and Warden Stephen DeWalt, are **DISMISSED** for Fletcher's failure to exhaust his administrative remedies and for his failure to timely file them.

(2)     All claims having been resolved, this action is **DISMISSED** and **STRICKEN** from the docket.

(3)     Judgment in favor of the named defendants shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated this 17th day of May, 2012.

Signed By:

*Karen K. Caldwell*

**United States District Judge**

4